### 12353

SUMMER *ET AL. v.* STATE HIGHWAY COMMISSION OF SOUTH CAROLINA *ET AL.*

(141 S. E., 366)

1. HIGHWAYS—TERM "BELT LINE," AS USED IN STATUTE RELATING TO HIGHWAYS MUST BE CONSTRUED TO GIVE EFFECT TO INTENTION OF LEGISLATURE (PAY-AS-YOU-GO ACT).—Term "belt line" as used in Pay-As-You-Go Act (Act March 21, 1924 [33 St. at Large, p. 1193]), relating to construction of highways, must be construed in light of its general significance and provisions of Act as to give effect to evident intention of Legislature.

NOTE: Manifest intention of body enacting law as governing interpretation of statute, see 25 R. C. L., 988; 4 R. C. L. Supp., 1613.

Statutes framed in general terms as applicable to new cases within its scope, see 25 R. C. L., 778; 4 R. C. L. Supp., 1601; 5 R. C. L. Supp., 1344; 6 R. C. L. Supp., 1483.

2. Highways—Highway 3.3 Miles Long, Encircling Town Intersected by Highway from City Dividing it Into Segments 1.3 and 2 Miles Long Could be Constructed as Two Belt Lines (Pay-As-You-Go Act).—Where highway route ran from point A southeast of town to town and from town to point B north and slightly east of town, highway between points A and B, which would be 3.3 miles long, but which would be intersected by another State Highway running from town in northeasterly direction so as to intersect proposed highway dividing it into segments 1.3 and 2 miles in length, could be constructed as two belt lines under Pay-As-You-Go Act, § 2 (Acts March 21, 1924 [33 St. at Large, p. 1209]).

3. Highways—Statute Ratified Commission's Additions to Highway System Between Date of Introduction and Date of Approval of Statute (Act April 14, 1927 [35 St. at Large, p. 278, § 1]).—Act April 14, 1927 (35 St. at Large, p. 278), providing in Section 1 that additions made to State Highway System by State Highway Commission since passage of Pay-As-You-Go Act (Act March 21, 1924 [33 St. at Large, p. 1193]) be confirmed and ratified, *held* to ratify and confirm addition of section to State Highway System made by State Highway Commission after Act was introduced but before it was approved, since Act provides that it shall take effect upon its approval by Governor.

4. Highways—Statute Authorizing Borrowing Money to Construct "Certain" Highways in N. County Authorized Use of Money for Highway Thereafter Selected (Act April 14, 1927 [35 St. at Large, p. 278]; Act March 14, 1927 [35 St. at Large, p. 990]).—Act March 14, 1927 (35 St. at Large, p. 990), authorizing Newberry County to borrow $400,000.00 to construct "certain" highways or sections thereof in Newberry County, authorized use of money in construction of section of State Highway selected by State Highway Commission after date statute was approved, since word "certain," without further amplification or explanation, did not so qualify general nature of language of Act as to limit its application to highways existing as time of its passage, since Act in question and ratifying Act April 14, 1927 (35 St. at Large, p. 278), passed at same session, are in *pari materia* so far as case is concerned and must be construed together.

5. Highways—Construction of Highway 3.39 Miles Long, Encircling City at Cost of $20,000.00, Held Not Unwarranted Expenditure of Public Funds and Abuse of Discretion by Highway Commission.—Construction of section of State Highway enabling travelers to travel by an almost straight line instead of through city, through which State Highway also ran, at cost of $20,000.00 for 3.39 miles, *held* not extravagant and unwarranted expenditure

of public funds and an abuse of discretion by State Highway Commission.

Before FEATHERSTONE, J., Newberry, May, 1927. Affirmed.

Suit by George W. Summer and others against the State Highway Commission of South Carolina and others to enjoin the construction of a highway. A temporary injunction was granted, and from an order dissolving the temporary injunction, petitioners appeal.

The taxpayers' petition, the return of the State Highway Commission, the return of the County Highway Commission, the replies to both returns, and Exhibit 1, showing a plat of the section of road involved, follow:

The petition herein is as follows:

First. That your petitioners are citizens and taxpayers of the County of Newberry, State of South Carolina, and bring this action on behalf of themselves and all other citizens and taxpayers of the County of Newberry, State of South Carolina, who desire to come in with them as petitioners herein.

Second. That the respondent State Highway Commission of South Carolina is a body corporate created and constituted under that name by the Acts of the General Assembly, and the respondent George P. Boulware, H. D. Havird, W. C. Brown, J. F. Alman, W. C. Scott, M. P. Johnson, H. A. Workman, J. G. Coates, M. L. Wheeler, J. S. Watts, C. C. Epting, and J. H. Shealy are the members duly elected and qualified and constituting the County Highway Commission of Newberry County, S. C.

Third. That the respondent State Highway Commission of South Carolina is charged with the power and duty of taking over, constructing, hard-surfacing, and maintaining a certain system of public highways throughout South Carolina, subject to the provisions and limitations provided by the statutes of South Carolina, and that during the session

of the General Assembly in 1924, it passed an Act which
was approved by the Governor on March 21, 1924, for the
purpose of incorporating into a connected system certain
described and designated highways in the various counties
of the State and providing for the taking over and main-
tenance of the said system of highways by the State High-
way Commission, and that said Act described and desig-
nated the roads to be so taken over and maintained, and
that as to Newberry County, S. C., said Act specified and de-
scribed the particular roads to be so taken over, constructed,
hard-surfaced, maintained, etc., as a part of the said high-
way system, and among other roads so specified and de-
scribed is the following named road in the following lan-
guage, to wit: "From Lexington County line, near Little
Mountain, northwesterly on Route No. 2 by way of Pros-
perity, Newberry, and Kinards to Laurens County line."

Fourth. That at the time of and before the approval of
the said Act there existed and still exists in Newberry
County a much-traveled road from Lexington County line,
near Little Mountain, northwesterly by way of Prosperity
and Kinards to the Laurens County line, which is known as
Highway No. 2, which said road is the one specified and
described in the said Act as quoted above and which was
intended by the General Assembly to be taken over and
maintained by said State Highway Commission as a part
of the said connected system of highways, and that said road
runs from the Lexington County line through the Town
of Little Mountain, Town of Prosperity, and through the
Town of Newberry by way of Adelade Street, Glenn Street,
Main Street, and College Street, of said Town, and from
thence on to the Laurens County line at Kinards, S. C., and
which said road is designated and numbered by the State
Highway Commission as Highway No. 2.

Fifth. That the said State Highway Commission, during
the year 1926, hard-surfaced Highway No. 2 from the Town
of Prosperity to the corporate limits of the Town of New-

8—S. C. R.

berry, S. C., where it enters the Town of Newberry by way of Adelade Street, and on information and belief this hard-surfacing was done by the State Highway Commission under an agreement with the County Highway Commission of Newberry County, S. C., known as a reimbursement agreement.

Sixth. That on information and belief, that at the session of the General Assembly of 1927, an Act was passed which was approved by the Governor on March 14, 1927, authorizing the treasurer of Newberry County and the chairman of Newberry County Highway Commission to borrow not exceeding $400,000.00 for the construction of certain state highways or sections thereof in Newberry County, and authorizing said treasurer of Newberry County and chairman of Newberry County Highway Commission to issue notes or other obligations of the County and pledge as security for same such reimbursement agreement or agreements as the Newberry County Highway Commission may make with the State Highway Commission of South Carolina, and also providing for the levy of a tax sufficient to meet promptly the interest and principal of said debt, as will more fully appear by reference to said Act.

Seventh. That Newberry County Highway Commission entered into a reimbursement agreement with said State Highway Commission of South Carolina by the terms of which a section of Route No. 2, from the city limits of Newberry to the Laurens County line, near Kinards, a distance of approximately 12 5/16 miles is to be graded and hard-surfaced, and also by the terms of which a section of Route No. 2, from the intersection of Route No. 2 and the old state road to Clinton, approximately one mile south of Newberry, to the intersection of Routes Nos. 2 and 19, approximately one mile north of Newberry, a distance of 3.39 miles to be graded and top-soiled, estimated cost $20,-000.00, which will more fully appear from a copy of said

reimbursement agreement hereto attached and marked Exhibit A and made a part of this petition.

Eighth. That on information and belief the proposed construction, grading, and top-soiling of said section of Route No. 2 from the intersections of Route No. 2 and the old state road to Clinton to the intersection of Routes Nos. 2 and 19, as above set out, is not authorized under the said Act of the General Assembly approved March 21, 1924, and is not authorized under any other Act of the General Assembly, and the State Highway Commission of South Carolina and the County Highway Commission of Newberry County had no authority under the said Act of March 21, 1924, or any other Act of the General Assembly, to enter into said reimbursement agreement for constructing, grading, and top-soiling said section of Highway No. 2.

Ninth. That Highway No. 2, as originally laid out and constructed and partially paved, as hereinbefore stated and a further section is to be paved under said reimbursement agreement, runs through the Town of Newberry as hereinbefore stated and the part thereof already paved, between the Town of Prosperity and the Town of Newberry, contains approximately one mile of paving from the intersection of said route which the respondents propose to construct, grade and top-soil to the corporate limits of the Town of Newberry and will contain under said reimbursement agreement approximately one mile of paving to Newberry from the incorporate limits of said town to the intersection of Routes Nos. 2 and 19, where the proposed section of graded and top-soiled road is to intersect with said Highway No. 2.

Tenth. That the construction of the proposed section of graded and top-soiled road, designated in said reimbursement agreement, a copy of which is attached to this petition, and which is designated in said reimbursement agreement as a section of Route No. 2, would involve, as said reimbursement agreement shows, a cost of $20,000.00, which would be

a useless, reckless, and extravagant expenditure of the public funds without any adequate recompense to the petitioners and other taxpayers and the traveling public, as the said section of graded and top-soiled road does not materially decrease the distance to be traveled, and also makes an additional section to Highway No. 2, which has existed and now exists and will carry a large part of the travel on Highway No. 2 around the Town of Newberry and divert the travel away from the Town of Newberry and thus be very detrimental and hurtful to the citizens and taxpayers of the Town of Newberry, in Newberry County S. C., and also to the citizens and taxpayers of the County of Newberry at large.

Eleventh. That very few of the citizens and taxpayers of the County of Newberry reside or live on said proposed new section of Route No. 2 which is to be graded and top-soiled, and said section will be of practically no benefit to the citizens, taxpayers, and residents at large of the County of Newberry, S. C., while Highway No. 2 as located heretofore and still as located through the Town of Newberry is of great benefit to the citizens and taxpayers of the Town and County of Newberry.

Twelfth. That on information and belief, the State Highway Commission of South Carolina has advertised for and received bids for the construction of said graded and top-soiled road designated in said reimbursement agreement as section of said Route No. 2, but that the contract therefor has not been awarded, but the said State Highway Commission is threatening to award same.

Thirteenth. That the petitioners and all others in a like situation have no adequate remedy at law against the wrongs complained of herein and will suffer an irreparable loss unless this Court intervenes through its equity powers and enjoins the unlawful and unwarranted construction, grading and top-soiling of said new section of Route No. 2.

Wherefore petitioners pray:

(1) That the reimbursement agreement, a copy of which is attached hereto, in so far as same applies to a section of Route No. 2 from the intersection of Route No. 2 and the old state road to Clinton, approximately one mile south of Newberry, to the intersection of Routes Nos. 2 and 19, approximately one mile north of Newberry, a distance of 3.39 miles, to be graded and top-soiled, estimated cost $20,000.00, be declared illegal and contrary to law and be set aside and canceled, and that the advertisement for bids for the construction of same be declared illegal and void and set aside and canceled.

(2) That the respondents be enjoined from carrying out said reimbursement agreement for said new section of Highway No. 2 as hereinabove described and enjoined from constructing, grading, and top-soiling said new section and enjoined from awarding and executing any contract pertaining thereto.

(3.) For such other and further relief as equity may require.

The return of State Highway Commission, leaving off title and verification, is as follows:

To the Honorable C. C. Featherstone, Judge of the Eighth Judicial Circuit:

The respondents herein, in obedience to the order to show cause, granted on April 21, 1927, by way of return and answer thereto, respectfully show:

First. That they admit Paragraphs 1, 2, 3, 4, 5, 6, 7, 9, and 12 of the petition.

Second. The respondents herein allege that they have entered into an agreement and contemplate constructing the section of road running from a curve on Highway No. 2, approximately two miles east of Newberry, designated by the letter A on a plat hereto annexed as Exhibit 1, and running thence approximately 1.3 miles in a northwesterly direction to State Highway No. 22, running from Newberry to Winnsboro; and thence from State Highway No. 2 north-

westwardly approximately two miles to the intersection of State Routes Nos. 2 and 19, designated on said plat by the letter B; that the former and present State Highway No. 2 makes several turns and curves going to and through the City of Newberry; that the traffic on said road is great and at times is very much congested in the said City of Newberry so that it is becoming necessary that some route be opened whereby the traveling public may pass Newberry without going through the much used streets of said city and thereby relieve and avoid the hazards of passing through said much traveled streets; that persons traveling on Route No. 2 at point A on the aforesaid map, desiring to go towards Winnsboro on the highway as now constructed, have to travel 3.1 miles to get to the point of intersection of the proposed highway with Route No. 22, designated as C on said map, which is only 1.3 miles from A. The construction of the proposed 1.3 miles of road will save 1.8 miles to the traveling public. The construction of the section of road from C to B, a distance of two miles, will save the traveling public desiring to go from one point to the other a distance of 2.2 miles.

Third. That Act No. 731, Acts of 1924 (33 St. at Large, p. 1193), commonly known as the "Pay-As-You-Go" Act, authorizes the construction of the section of road added by the State Highway Commission. Section 2 of said Act provides: "The State Highway Commission is hereby authorized to establish such belt lines not exceeding two miles in length as it deems proper and justifiable and to construct and maintain such belt lines from the funds herein provided." Pursuant to this provision the State Highway Commission added the two sections of road hereinabove designated to the State Highway System on March 16, 1927, as shown by certificate of J. W. Wilks, secretary of the State Highway Commission, which is hereby attached and marked Exhibit 2.

Fourth. That the General Assembly at its 1927 session passed an Act, approved by the Governor, April 14, 1927, which ratified and confirmed all additions made to the State System by the State Highway Commission of South Carolina since the passage of the "Pay-As-You-Go" Act, and declared all such highways on the date of the passage of the Act to be parts and parcels of the State Highway System and on equal basis with the highways enumerated in Section 1 of the "Pay-As-You-Go" Act; that your respondents are proceeding regularly and in accordance with the authority conferred by the Statutes aforesaid.

Fifth. That they deny each and every other material allegation of the petition not hereinbefore specifically admitted or denied.

Wherefore your respondents pray that this return be adjudged sufficient; that the restraining order heretofore granted be dissolved; and that the petition be dismissed, with costs.

The return of County Highway Commission, leaving off title and verification, is as follows:

The defendants Geo. P. Boulware, H. D. Havird, W. C. Brown, J. F. Alman, W. C. Scott, H. A. Workman, J. G. Coates, M. L. Wheeler, J. S. Watts, C. C. Epting and G. H. Shealy, members constituting the County Highway Commission of Newberry County, for return to the order of April 21, 1927, respectfully show to the Court:

(1) They admit Paragraphs 1, 2, 3, 4, 5, 6, 7, 9 and 12 of the petition.

(2) They deny the remaining material allegations of the petition.

(3) Answering further, these defendants show:

That on the 7th day of August, 1926, the following letter from the Honorable Samuel McGowan, at the time Chief Highway Commissioner for the State of South Carolina, was received by the County Highway Commission, suggesting the reconstruction and improvement of the 3.39

miles of the old state road mentioned in the complaint:

"South Carolina State Highway Department,

"Columbia, 7 August, 1926.

"Mr. George P. Boulware, Chairman Highway Commission of Newberry County, Newberry, S. C.—My Dear Sir: For some time we have had under consideration the betterment of the old state road which passes Newberry, that is, the section following the telegraph line from the top of the hill southeast of Newberry on Highway No. 2 to join again with Highway No. 2 out beyond the cemetery northwest of town.   What we have in mind is that the present traffic tends to cause considerable congestion in the Town of Newberry and both the traffic and the town would probably be benefited by this cut-off.

"Won't you please discuss this matter with your commission and let me have the benefit of your suggestions and also let me know what the county is prepared to do in helping to put through the project?   Yours faithfully, Samuel McGowan, Chief Highway Commissioner."

That at its meeting on September 7, 1926, at which meeting all members of the commission were present, a motion was carried to the effect that if the State Highway Commission would furnish the money with which to build the road, its construction would meet with the hearty approval of the County Highway Commission, and the following reply was forwarded to Mr. McGowan's letter of the 7th of August:

"Newberry, S. C., Sept. 14, 1926.

"Hon. Samuel McGowan, Chief Highway Commissioner, Columbia, S. C.—Dear Sir:   I acknowledge the receipt of your letter of August 7th asking me to discuss with the commission the matter of the betterment of the old state road from the 'top of the hill southeast of Newberry on Highway No. 2 to join again with Highway No. 2 out beyond the cemetery northeast of town.'   At our meeting in September, I took this matter under consideration with the commission.   A motion was passed that if the State Highway

Department can furnish the funds with which to build this road its construction would meet with the hearty approval of the commission.

"I would be glad to take the matter up with you again in the near future with the hope that funds can be found to build this road. Yours truly [Signed] Geo. P. Boulware, Chairman."

That at the meeting of the County Highway Commission held on March 1, 1927, the nine members of the commission at the meeting signed the reimbursement agreement made an exhibit to the complaint:

(4) These respondents specifically deny that the State Highway Department is limited by the Act of March 21, 1924, to the building of the roads therein mentioned. Section 2 of said Act reads as follows: "That the State Highway Department is hereby authorized and directed to build and construct the roads above described and any and all necessary bridges along the same routes from the funds herein provided, it being understood that these sections of roads do not constitute the entire mileage on the state routes herein mentioned, but are, for the purpose of this Act, to be considered as a state highway system. The complete state highway system will be understood to mean the system of highways in effect at the present time with whatever changes are made necessary by the contents of this bill, together with such other roads as may be added from time to time with the approval of the highway commission." That the building of the section of Route No. 2 from the intersection of Route No. 2 and the old state road to Clinton, approximately one mile south of Newberry, to the intersection of Routes No. 2 and No. 19, approximately one mile north of Newberry, a distance of 3.39 miles, being the road herein in question, has been approved by the State Highway Commission and ordered built, the respondents are informed and believe:

(5) That the Act for the borrowing of the $400,000.00 by the County of Newberry, referred to in the petition, authorizes the borrowing of the money "for the construction of certain highways, or sections thereof, in Newberry County," but does not specify any particular road, or section thereof, but leaves that matter to the wise discretion of the County Highway Commission. That on March 26, 1927, $385,-000.00 of this money was borrowed by the County of Newberry on its notes, and on the——day of April, 1927, after due advertisement, the State Highway Commission received bids for the construction of said section of road, the lowest bid being $12,000.00, to which must be added, however, certain engineering and other costs, which will make the approximate cost of the building of said road $15,000.00; which these respondents are informed and believe is a fair and reasonable cost for the building of said road.

(6) That by way of further return to Paragraph 10 of the petition, these respondents show that the section of road sought to be permanently enjoined from being constructed is a part of the old Charleston road, extending from the sea to the mountains of North Carolina, passing through the City of Columbia, through the Towns of Little Mountain and Prosperity in Newberry County, passing the Town of Newberry just beyond its eastern incorporate limits, thence to Clinton, on to Laurens and Greenville and Spartanburg. Thirty years ago this was the only public highway running from the Town of Prosperity and entering the Town of Newberry on its eastern side, on the continuation of Main Street, at the home of Bud C. Matthews. Some 30 years ago a new road was built leaving the old Charleston road at the intersection thereof about one mile southeast of the Town of Newberry, spoken of in the petition, following what is now Adelade Street, Glenn Street and entering Main Street of the town at the Homestead Filling Station. That since this new road was built the section of the old Charleston road up to the Matthews home, and beyond, has been

more or less neglected and the travel has been diverted to
the new road because better kept and a little nearer to the
main part of the town. However, the ever-increasing
traffic on the streets of the Town of Newberry, especially
Main and Glenn Streets and the narrow and congested con-
dition of the streets of the town, have made it highly neces-
sary, for the safety and good of the traveling public gener-
ally, that Main Street and Glenn Street up to Main be re-
lieved of some of its traffic and that the public be given some
other avenue of travel into and past the Town of Newberry.
By the construction of this short section of the old Charles-
ton road persons going from Columbia to Laurens, or to
more distant places, or to intermediate points, may travel
this road, if they have no business in the town, and thus
avoid the narrow and congested streets of the town, if they
so desire.

The continuation of Main Street of the Town of New-
berry eastwardly intersects this section of the road at or
near the residence of Bud C. Matthews and leads to the
Town of Pomaria and on to Columbia by way of Spring
Hill, a once famous resort. Just beyond the eastern limits
of the town a road leads off from the continuation of Main
Street in a northeasterly direction and becomes the road to
Winnsboro, Chester, and other more northernly points in
South Carolina and North Carolina. This latter road
crosses Broad River at Strother, where a magnificent steel
bridge is now in course of construction. Both of these
roads are top-soil roads. If the short cut-off in question is
constructed as planned by the State Highway Department
and the County Highway Commission it will permit of the
traveling public from the direction of Laurens and Pros-
perity to go to Winnsboro and Columbia and other points
in that direction, by way of these roads, without being
forced and inconvenienced to go through the Town of New-
berry, thus saving two or three miles of travel.

These respondents allege that their whole aim has been to build roads to accommodate persons who wish to travel and not for the purpose of hurting the citizens and taxpayers of the town or county, and they deny that they have done so. They have no desire to divert travel away from the town but their first duty is for the good of the traveling public generally, and for this reason, alone, they have sanctioned the building of this short link in a road only a few years ago one of the main thoroughfares into and past the Town of Newberry.

Wherefore, these respondents having answered the rule to show cause as fully as they are advised it is necesary, they pray that the temporary restraining order be dissolved.

The reply to return of State Highway Commission, leaving off title and verification, is as follows:

The petitioners replying to the return and answer of respondents State Highway Commission of South Carolina, in so far as they are advised is necessary, respectfully shows to the Court:

First. That they deny so much of Paragraph 2 of said return and answer as alleges: "That the traffic on said road is great and at times is very much congested in the said City of Newberry so that it is becoming necessary that some route be opened whereby the traveling public may pass Newberry without going through the much used streets of said city and thereby relieve the congestion and avoid the hazards of passing through said much-traveled streets."

Second. On information and belief they deny the allegations in Paragraph 3 of said return and answer.

Third. That on information and belief, they deny that the Act of 1927, referred to in Paragraph 4 of said return and answer, ratifies and confirms the alleged new section of Highway No. 2 in question but that the intention of said Act was only to confirm and ratify such additions as had been made to the State Highway System by the State Highway Commission prior to the introduction of said Act in the

General Assembly; as appears from a consideration of the facts and circumstance and history of said State Highway System and the time of the introduction of said Act in the General Assembly, which was some time in January, 1927, the said Act having been first read in the Senate, where it was introduced, on January 20, 1927.

Wherefore, petitioners pray that said return be declared insufficient and the temporary injunction heretofore granted be made permanent.

The reply of appellants to return of County Highway Commission, leaving off title and verification, is as follows:

The petitioners replying to the return of the County Highway Commission, in so far as they are advised is necessary, respectfully show to the Court:

(1) That on information and belief they deny that the Act of the Legislature authorizing Newberry County to borrow $20,000.00 states, as alleged in Paragraph 5 of the return, that said sum is for "the construction of certain highways, or sections thereof, in Newberry County," and further denies that said Act left it in the discretion of the County Highway Commission as to what road, or section thereof, in the county should be constructed with said funds, but alleges that said Act specifically designated that the sum so borrowed should be used "for the construction of certain state highways, or sections thereof, in Newberry County," and that when the County Highway Commission expects or contemplates using a part of said funds borrowed under said Act for the construction of the said new route of section No. 2 under said reimbursement agreement, such action on its part and on the part of the State Highway Commission is a diversion of funds from a purpose for which it was appropriated and is contrary to the Statute Law of the State of South Carolina, and thus said action is illegal, null, and void, and the reimbursement agreement based thereon is illegal, null, and void.

(2) That they deny so much of Paragraph 6 as alleges: "However, the ever-increasing traffic on the streets of the Town of Newberry, especially Main and Glenn Streets, and the narrow and congested condition of the streets of the town, have made it highly necessary, for the safety and good of the traveling public generally that Main Street and Glenn Street up to Main be relieved of some of its traffic and that the public be given some other avenue of·travel into and past the Town of Newberry."

Wherefore, petitioners pray that the said return be declared insufficient and that the temporary injunction be made permanent.

LOCATION OF STATE HIGHWAYS
THROUGH TOWN OF NEWBERRY

*Messrs. Hunt & Hunter,* for appellants, cite: *State Highway Department can add or construct roads only by authority of the Legislature:* 132 S. E., 680. *"Certain":* 11 C. J., 74; 153 U. S., 486, 469; 3 L. R. A., 690. *A duty is certain, when:* 4 S. C., 473. *Construction of ambiguous statute:* 124 S. E., 767. *Abuse of discretion by State Highway Commission here:* 134 S. E., 483.

*John M. Daniel, Attorney,* and *Cordie Page, Assistant Attorney General,* for respondent.

*Messrs. H. C. Holloway* and *Geo. B. Cromer,* also for respondents, cite: *"Belt line":* 5 Cyc., 681. *"Certain":* Black's Law Dict., 183. *An Act takes effect from the time it is approved and not from the commencement of the session:* 12 Rich., 609; 3 S. C., 565; 18 S. C., 85; 25 R. C. L., 959, Sec. 215. *Court cannot limit application of general law:* 25 R. C. L., 778, Sec. 24. *Duty of Court to harmonize all legislative enactments pertaining to the same subject, if possible:* 138 S. C., 374.

January 10, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought by certain taxpayers of Newberry County for the purpose of enjoining the State Highway Commission and the Newberry County Highway Commission from constructing a graded top-soiled road on a section of Route 2 from the intersection of Route 2 and the old state road to Clinton, approximately one mile south of Newberry, to the intersection of Routes 2 and 19, approximately one mile north of Newberry, a distance of 3.39 miles, at an estimated cost of $20,000.00. On the summons and verified petition Judge C. C. Featherstone, on April 21, 1927, granted a temporary order of injunction and a rule to show cause why a permanent injunction should not be granted. Hearing was had on the rule on April 29, 1927, and Judge Featherstone subsequently issued an order discharging the rule and dissolving the temporary injunction. From this order the petitioners appeal.

The taxpayers' petition, the return of the State Highway Commission, the return of the County Highway Commission, and the replies to both returns, will be incorporated in the report of the case. Exhibit I, showing a plat of the section of road involved, will also be included in the report.

The State Highway designated as No. 2 in the Pay-As-You-Go Act passes from Lexington County, near Little Mountain, northwesterly by way of Prosperity through the Town of Newberry by way of Adelade Street, Glenn Street, Main Street, and College Street, and from thence to the Laurens County line by way of Kinards. So much of this highway as is necessary for the consideration of this case is shown on the plat.

During the year 1926, the State Highway Commission hard-surfaced Highway No. 2 from the Town of Prosperity to the corporate limits of the Town of Newberry. At its 1927 session the General Assembly passed an Act approved on March 14, 1927, authorizing the Treasurer of Newberry County and the Chairman of the Newberry County Highway Commission to borrow not exceeding $400,000.00 for the construction of certain highways or sections thereof, in Newberry County, and to pledge as security therefor, such reimbursement agreement or agreements as the Newberry County Highway Commission might make with the State Highway Commission. During the same month the State Highway Commission and the Newberry County Highway Commission entered into a reimbursement agreement by the terms of which a section of Highway No. 2 from the city limits of Newberry to the Laurens County line near Kinards, a distance of approximately 12.5 miles, is to be graded and hard-surfaced at an estimated cost of $365,-000.00. By the same reimbursement agreement the section of Route No. 2 in controversy is to be granted and top-soiled at an estimated cost of $20,000.00. This section is shown on the plat by line A-C-B.

The appellants contended that the proposed grading and top-soiling of this section of Highway No. 2 is not authorized by law and that the State and County Highway Commissions have no authority to enter into the reimbursement agreement for constructing, grading and top-soiling this section; and that the construction, grading and top-soiling

of this section would be a useless, reckless and extravagant expenditure of the public funds without adequate recompense to the taxpayers and the traveling public and would divert travelers away from the Town of Newberry and thus be very detrimental to the citizens and taxpayers of the Town and County of Newberry and would be of practically no benefit to the citizens and taxpayers of Newberry County.

The respondent took issue with the appellants on these questions.

At the hearing, before Judge Featherstone, affidavits were submitted on both sides, and Judge Featherstone, as stated, refused to make the injunction permanent and dissolved the temporary injunction.

The questions involved in the appeal are thus stated by the appellant's counsel:

"First. Did the State Highway Commission and the County Highway Commission have the authority under the Statute Law of the State to construct the section of road in question?

"(a) Was such authority given under the Act of 1927, which we will designate as the $400,000.00 Act? Acts of 1927, p. 990.

"(b) Did the Act of 1924, known as the 'Pay-As-You-Go' Act, authorize the construction of this section as a belt line? Acts of 1924, p. 1193.

"(c) Did the Act of 1927, which we will designate as Ratifying Act, ratify and confirm the addition of this section? Acts of 1927, p. 278.

"Second. Is the construction of this section an extravagant and unwarranted expenditure of money and detrimental to the citizens and taxpayers of the Town and County of Newberry and, thus, an abuse of the discretion of the State Highway Commission?"

I. (b) As far as this case is concerned, the road designated in the Pay-As-You-Go Act of 1924 as Route No. 2 has been in part constructed and is in part in process of

construction and passes through the Town of Newberry, which is specifically mentioned in the Act as one of its control points.    No question is raised as to the construction of this highway along the designated route, and this case is thus differentiated from *Gaston v. State Highway Department,* 134 S. C., 402; 132 S. E., 680, in which the question was raised whether the road proposed to be built by the State Highway Commission conformed to the route designated in the Act.

The decision of the point now under consideration revolves about the following provision of the Pay-As-You-Go Act:

"The State Highway Commission is hereby authorized to establish such belt lines not exceeding two miles in length as it deems proper and justifiable and to construct and maintain such belt lines from the funds herein provided."    Section 2.

The appellants contend that the section of road in controversy, being more than two miles in length, is not authorized under this provision.

The respondents point out that Route No. 22, the road to Winnsboro, crosses the section in controversy (C on the plat) and divides it into two segments, 1.3 miles and 2 miles in length, respectively, and contend that the section constitutes in reality two belt lines (A-C and C-B), each of which falls within the limitation of the Act as to length.

In 7 C. J., at page 1044, the following is given as a definition of "belt railroad":

"A railroad encircling a city or other restricted territory, intersected by other railroads, not having a common right of way into the territory for the purpose of transferring and switching cars from one railroad to another with which it is not otherwise connected, or for transferring cars between such railroads and industrial plants located in the neighborhood of but not on such railroads."

From the nature of things, the term "belt line" is of infrequent occurrence in the connection obtaining in the Act with reference to public roads and highways, and while this definition clearly would not be entirely appropriate to the term "belt line" as used in the Act, this Court will endeavor to so construe the term, in the light of its general significance and the provisions of the Act, as to give effect to the evident intention of the Legislature.

We think that the section of road in controversy is, under the facts of this case, such a road as would come within the scope of the term "belt line," and, further, that it constitutes two "belt lines," within the purview of the Act, rather than one. The section is divided into two segments by another state highway, the Winnsboro road, which forms a terminus for each segment; the southern segment (A-C on the plat), with the section of Highway No. 2 which passes from the southern end of the proposed section into the Town of Newberry to an intersection with the Winnsboro road, and the Winnsboro road, forms one distinct loop; while the northern segment (B-C on the plat), with the Winnsboro road, and the section of Highway No. 2 from its intersection with the Winnsboro road in the Town of Newberry to its intersection with the northern end of the section in controversy, constitutes another distinct loop. The construction of neither of the segments (A-C and B-C) interferes with or displaces the construction of any road designated by the Act; either one of the segments, without the other, forms part of a loop, skirts a busy city, and enables travelers, if they so desire, to eliminate crowded streets from their route, and materially shortens the distance to be traveled by one not wishing to go through the Town of Newberry. The State Highway Commission might legally build either one of the segments, without building the other, or it might build the two segments at different times; and the mere fact that both segments are to be built at the same time does not change the

fact that they are parts of distinct loops or belts. We therefore, conclude that the State Highway Commission has authority, under the Pay-As-You-Go Act, to construct the section of road in question.

(c) On March 16, 1927, the State Highway Commission in regular session added the section in controversy to the State Highway System. At its 1927 session the General Assembly passed an Act, approved by the Governor on April 14, 1927, which contains the following language:

"The additions made to the State Highway System by the South Carolina State Highway Commission since the passage of the 'Pay-As-You-Go' Act be, and the same are hereby, confirmed and ratified. Where any additions have been made for construction, the cost of such construction, whether by reimbursement or otherwise, shall be charged to the allotment of the county or counties in which the individual project is located." Section 1.

The appellants point out, however, that this Act, while approved on April 14, was introduced in the Legislature in the previous January, and contend that the "additions" therein referred to include only additions made prior to such introduction. We do not agree with this contention. The Act, in one part, specifically confirms and ratifies the additions made to the State Highway System by the State Highway Commission since the passage of the Pay-As-You-Go Act, and, in another part, provides that the Act shall take effect upon its approval by the Governor. This approval was given on April 14, and there is nothing whatever in the language of the Act to indicate that the Legislature intended any distinction as to the effective dates of its parts, nor anything to indicate that any part of it was referred back to any earlier date, or that the "additions" confirmed were additions effective on any other date, than the date of its approval. The whole Act clearly became effective in all its parts upon its approval by the Governor. We,.

therefore, conclude that even if the State Highway Commission did not have authority under the "belt line" provision of the Pay-As-You-Go Act to add this section of road to the State Highway System, the Legislative enactment of April 14 clearly confirmed the addition of this section previously made by the commission.

(a) The Newberry County Reimbursement Act of 1927 provides, in part, as follows:

"The Treasurer of Newberry County and the Chairman of the Newberry County Highway Commission, be, and they are hereby authorized and empowered to borrow the sum of Four Hundred Thousand ($400,000.00) Dollars, if so much be necessary, for the construction of certain state highways, or sections thereof, in Newberry County. The officers herein referred to are authorized to issue notes, or other obligations of the county, and shall pledge as security for the same such reimbusement agreement, or agreements, as the Newberry County Highway Commission may make with the State Highway Commission of South Carolina." Section 1.

The appellants contend that even if the section of road in controversy is a part of the State Highway System, no part of the $400,000.00 provided by this Act can be used in the construction of the road because the Act was approved by the Governor on March 14, 1927, becoming effective at once, and the section of road was not made a part of the State Highway System till two days later, March 16, 1927, and in support of their contention lay great stress upon the use of the word "certain" in the Act. They concede that the Act is discretionary as to the selection of state highways to be constructed, in that it does not specify the roads for which the money may be used, but maintain that the exercise of such discretion is limited to roads which were a part of the highway system at the date of approval of the Act by the Governor, and insist that the "certain state highways or sections thereof" referred to in the Act include only such state

highways or sections thereof as were capable of being ascertained and definitely fixed as part of the State Highway System at the date of the approval of the Act.

We do not think this contention is sound.  In 25 R. C. L., at page 959, we find:

"The words of a statute must be taken in the sense in which they were understood. at the time when the statute was enacted.  If the language used is broad enough to include unknown things which might spring into existence in the future, they would be deemed to come within, and be subject to, the evident meaning of the terms used."

Again, in 25 R. C. L., at page 778, it is said:

"A general law may, and frequently does, originate in some particular case or class of cases which is in the mind of the Legislature at the time, but so long as it is expressed in general language the Courts cannot, in the absence of express restrictions, limit its application to those cases, but must apply it to all cases that come within its terms and its general purpose and policy."

In *Smith v. State Highway Commission,* 138 S. C., 374; 136 S. E., 487, this Court quoted with approval from 36 Cyc., 1151:

"The rule that statutes in *pari materia* should be construed together applies with peculiar force to statutes passed at the same session of the Legislature; it is to be presumed that such Acts are imbued with the same spirit and actuated by the same policy, and they are to be construed together as if parts of the same Act."

—and held that it was the duty of the Court to harmonize all legislative enactments pertaining to the same subject if possible.

It not infrequently occurs that an Act, general in nature, which applies only to a particular case or class of cases at. the time of its enactment applies with equal force to any case or class of cases which thereafter arises and comes within the general terms of the Act.  While the section of road

in controversy did not become a part of the State Highway System until after the approval of the Newberry County Reimbursement Act, still, when it was properly and regularly made a part of the system, the terms of the Act applied to it with the same force and effect as if it had been a part of the system at the date of approval. We do not think that the word "certain," without further amplification or explanation, so qualifies the general nature of the language of the Act as to limit its application to the highways existing at the time of its passage. This view is strengthened by the fact that both the reimbursement Act and the Act confirming the section in question as a part of the State Highway system were passed at the same session of the Legislature; we think it accords more with the harmonizing of the two Acts—which are in *pari materia* so far as this case is concerned—to construe the language describing the roads for the construction of which the money might be used as being general in nature and effect rather than to attach to it a limited significance, justified solely by the unsupported use of the word "certain." We therefore conclude that the State Highway Commission and the Newberry County Highway Commission had authority under the law to make the reimbursement agreement for the construction of the section of road in controversy.

II. The defendant further contends that, even if the construction of the section of road in controversy and the reimbursement agreement for such construction are authorized by law, still its construction would be an extravagant and unwarranted expenditure of public funds and an abuse of discretion by the State Highway Commission.

This contention cannot be sustained. The construction of this section of road does not interfere with the construction of the highway designated as No. 2 in the Pay-As-You-Go Act. Highway No. 2 has already been hard-surfaced to corporate limits of the Town of Newberry on the south

and will be hard-surfaced, under the reimbursement agreement from the corporate limits on the north; thus there will be a paved road along Route No. 2 through the Town of Newberry and out again for travelers going either north or south who desire to visit that beautiful and hospitable city. The section in controversy, however, will enable travelers who have not time or inclination to visit the city to travel by an almost straight line instead of through the turns and angles of the city streets, to save considerable time and expense, and to avoid the delay and inconvenience incident to passing through the congested streets. It appears from the record and from an examination of the plat that, when work is begun on Highway No. 2 north of the town, travel will necessarily be diverted from Highway No. 2 to the section of road in controversy, and the construction of this section should put it in good condition to accommodate the extra travel. The cost of constructing this section does not appear unduly great—$20,000 for 3.39 miles—and is comparatively small in view of its manifest advantages.

It may be that some of the petitioners who live in the Town of Newberry will lose a few dollars' trade from travelers who proceed along the road in controversy rather than through the town, but, viewing the matter as a whole, this is an unimportant consideration, and the few possibly injured persons must give way, in the spirit of democracy, to the public good.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and CARTER concur.

MR JUSTICE COTHRAN concurs in result.

MR. JUSTICE COTHRAN (concurring in result) : I do not think that the ground upon which Mr. Justice Stabler bases affirmance of the decree, that the proposed relocation of the road constitutes two belt lines, is tenable.